UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JADA DAVIS-BEY,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        No. 4:23-cv-00857-SRC
                                         )
STATE OF MISSOURI,                       )
                                         )
                Defendants.              )

**Memorandum and Order**

This matter is before the Court on the application of self-represented Plaintiff Jada Davis-Bey for leave to commence this action without payment of the required filing fee.   Doc. 5.   For the reasons stated below, the Court finds that Davis-Bey does not have sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $1.00.   *See* 28 U.S.C. § 1915(b)(1).   Further, based upon a review of the amended complaint, the Court dismisses five of Davis-Bey's six claims because she improperly joined them.   *See* Fed. R. Civ. P. 21.   Additionally, the Court stays and administratively closes the remainder of this action pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007).

**I.      Background**

Davis-Bey, a pretrial detainee currently incarcerated at St. Louis City Justice Center, filed an initial complaint in this action on July 5, 2023, by filing a document titled "Complaint-Petition to Cancel Birth Certificate Properly."   Doc. 1 at 1–2.   She attached her housing card from the Justice Center, as well as a document titled "Notice to State and Foreign Enclave/Court of the European Colonizer(s) to Correct their System(s) Records and Motion for Order of Dismissal and Memorandum of Understanding—Cease and Desists [sic] All Court Action."   *Id.*

at 3–4.    Because of the nature of Davis Bey's allegations, the Court interpreted her filing as one

brought pursuant to 42 U.S.C. § 1983.    The Court required Davis-Bey, on September 22, 2023,

to amend her complaint on a court-provided form in accordance with Local Rule 2.06.    Doc. 3.

The Court also ordered Davis-Bey to either pay the filing fee of $402 or file a motion to proceed

in forma pauperis.    *Id.* at 1–2.    Davis-Bey filed an amended complaint on a court-provided

form, as well as a motion to proceed in forma pauperis, on October 13, 2023.    Docs. 4, 5.

Davis-Bey's action appears to involve an underlying criminal case pending in the Circuit

Court for the City of St. Louis, Missouri.    *See State v. Davis*, No. 2322-CR00082-01 (22d Jud.

Cir., St. Louis City).    The State charged Davis-Bey with one count of felony discharge/shooting

a firearm from a motor vehicle and one count of felony armed criminal action.    That case is set

for a status hearing on May 2, 2024, at 9:30 a.m.    *Id.*

In the present case, Davis-Bey asserts claims against defendants, "State of Missouri

Corporation Employees" and the "Vital Statistics Office," under Section 1983, and she alleges

that she sues Defendants in both their individual and official capacities.    Doc. 4 at 2.

However, under both the caption and "Statement of Claim" portions of the amended complaint,

Davis-Bey lists only the "State of Missouri" as the defendant.    *See id.* at 3–4, 6.    The Court

assumes that Davis-Bey intended to name all three entities as defendants in this action:

(1) "State of Missouri Corporation Employees"; (2) " Vital Statistics Office"; and (3) the State.

The complaint also makes several allegations against Cole Brewer, which the Court construes as

including Brewer as a defendant in this case.    The Court however makes no determination as to

whether any of these defendants, other than the State, actually exist.

2

Davis-Bey asserts "that the State of Missouri made [her] a corporate personality."   *Id.* at

3.   She claims that the State threw her into jail and detained her, even after she returned "its

corporate birth certificate to the Vital Statistics Office in Jefferson City, Missouri."   Davis-Bey

claims that she found out the State made her a corporation when it sent her a notice to pay

parking-meter fines that listed the jurisdiction as a corporation.   *Id*.   Davis-Bey alleges:

> State of Missouri Corporate Employees has [sic] not removed the Jada Davis-Bey
> Corporation from their corporate system(s) and has been holding me Jada Davis-
> Bey kidnapped under the color of law, and without any probable cause in the St.
> Louis City Justice Center . . . since January 18, 2023 . . . .

*Id.*   In the amended complaint, Davis-Bey complains that she was falsely arrested on or about

January 13, 2023, and then falsely imprisoned on a detainer, because of Probation Officer Cole

Brewer's failure to give a statement to a state-court judge.   *Id.*   She additionally claims that

Brewer made false statements about her in September 2023, which resulted in her being placed

on a 96-hour psychiatric hold for detention, evaluation, and treatment.   *Id.* at 4.

Davis-Bey states that the former St. Louis City prosecutor first released her from

confinement, but then rearrested her on a "fake warrant."   *Id.* at 3.   She asserts that the State

has "failed to supervise" its employees in that no one has informed the Missouri courts that they

do not have jurisdiction to deprive Davis-Bey of her liberty or the ability to kidnap her.   *Id.* at 6.

Davis-Bey asks that this Court require the Missouri courts to cease and desist all actions against

her and require the court and corrections to release her.   *Id.*

Davis-Bey appears to allege unlawful conditions of confinement in St. Lous City Justice

Center.   Her complaint is difficult to read, but it appears Davis-Bey claims that she had to drink

"sewer water" at the Justice Center, was served food with glass in it, and had to eat white flour

products daily.   *Id.* at 4.   Davis-Bey asserts that the correctional officials should have moved inmates when the water supply became contaminated.   *Id.* at 6.

Davis-Bey also asserts in a conclusory fashion that she was subjected to libelous statements, slandered and defamed, and subjected to intentional infliction of emotional distress. Moreover, she states that she was subjected to the "inhalation of mase [sic]" and deprived of medical evaluation by two doctors between March 24, 2023, and May 1, 2023.   Davis-Bey does not elaborate on these statements; thus, the Court does not know what medical condition she is referring to, what statements she is purportedly referring to or what defendant or defendants she is attempting to link to the actions.   *Id.* at 4.

Lastly, Davis-Bey claims that she lost all her possessions from her storage unit and car when she went to jail.   *Id.*   She also claims that she has lost her jewelry and her Social Security benefits during her incarceration.   *Id.* at 6.   Davis-Bey claims that she will have to estimate how much the State owes her once she can see how much her pawned jewelry is worth.   *Id.* at 6.   Davis-Bey seeks monetary damages and injunctive relief in this action.

## II.   Discussion

### a.   Filing fee

Pursuant to Section 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.   If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.   After payment of the initial partial filing fee, the prisoner is required to make

4

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.   § 1915(b)(2).   The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, continuing until the prisoner fully pays the filing fee.   *Id.*

Davis-Bey has not submitted a certified inmate account statement as required by Section 1915(a)(2).   Instead, Davis-Bey has submitted a document titled, "Resident Transaction Details."   Doc. 6.   Because Davis-Bey failed to provide the Court with a *certified* account statement as required, the Court requires Davis-Bey to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").   If Davis-Bey cannot pay the initial partial filing fee of $1.00, she must submit a *certified* copy of her inmate account statement in support of her claim.

### b.   Improperly joined claims

Davis-Bey alleges a multitude of allegations in her amended complaint, including: (1) false arrest, false imprisonment, and unlawful prosecution claims ("kidnapping"); (2) deliberate indifference to her serious medical needs at an unknown facility; (3) placement on 96-Hour Psychiatric Hold against her will; (4) unlawful conditions of confinement at the St. Louis Justice Center; (5) violation of her due process rights/loss of property; and (6) state-law tort claims of slander, defamation, and intentional infliction of emotional distress.   Because such pleading practices violate Federal Rules of Civil Procedure 18 and 20, the Court dismisses

all Davis-Bey's claims, except her false arrest, false imprisonment, and unlawful prosecution claims, pursuant to Rule 21.

In *George v. Smith*, the Seventh Circuit held that unrelated claims brought by prisoner plaintiffs against different defendants belong in separate lawsuits, not only "to prevent the sort of morass" produced by multi-claim, multi-defendant suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act.   507 F.3d 605, 607 (7th Cir. 2007).   A court should reject complaints like this one, *id.*, either by severing the action into separate lawsuits or by dismissing improperly joined claims or defendants, *see* Fed. R. Civ. P. 21; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844–45 (3d Cir. 2006); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 682 (6th Cir. 1988).

Rule 21 permits severance of claims if a plaintiff improperly joined them.   The rule states, in pertinent part, that on motion or sua sponte, "the court may at any time, on just terms . . . sever any claim against a party."   Fed. R. Civ. P. 21.   Severance is appropriate when the claims are "discrete and separate," meaning they are each capable of resolution without dependence or effect on the other.   *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (citation omitted).

When determining whether to sever claims pursuant to Rule 21, district courts consider (1) whether the claims are significantly different from one another and would require distinct evidentiary proof; (2) whether severance would promote judicial economy; and (3) whether severance or the absence of a claim would unduly prejudice either party.   *See Off. Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (citation omitted).

6

Courts frequently utilize these same considerations when examining a motion to bifurcate claims under Rule 42(b).   *See, e.g., Griffith v. Allstate Ins. Co.*, 90 F. Supp. 3d 344, 346 (M.D. Pa. 2014); *Goldstein v. Am. States Ins. Co.,* No. 18- 3163, 2018 WL 6198463, at *1–2 (E.D. Pa. Nov. 28, 2018) (citing *Shapiro,* 190 F.R.D. at 355).

In Davis-Bey's first claim in her amended complaint, she complains that the State failed to change her name and as a result she was "kidnapped" "without probable cause."   The Court liberally construes her claim to mean that she believes the State subjected her to false arrest, false imprisonment, and unlawful prosecution in January 2023.

False arrest, false imprisonment, and unlawful prosecution claims are significantly different from Davis-Bey's other claims in this lawsuit which relate to: (1) deliberate indifference to her serious medical needs; (2) placement on 96-Hour Psychiatric Hold; (3) unlawful conditions of confinement at the St. Louis City Justice Center; (4) violation of her due process rights/loss of property; and (5) Missouri state law tort claims of slander, defamation, and intentional infliction of emotional distress.   Additionally, Davis-Bey has two current lawsuits in which she is pursuing three of these claims.   *See Davis-Bey v. Reynolds*, No. 4:23-cv-1049-SEP (E.D. Mo.) (alleging unlawful conditions of confinement at St. Louis City Justice Center and deliberate indifference to her medical needs at the Justice Center); *Davis-Bey v. St. Lous Metropolitan Police Dep't.,* No. 4:23-cv-901-SRW (E.D. Mo.) (alleging that her psychiatric hold was unlawful and defendants were deliberately indifferent to her medical needs).   For these reasons, the Court dismisses as improperly joined all Davis-Bey's claims, except her claims for false arrest, false imprisonment, and unlawful prosecution claims.   Below, the Court addresses the substance of those claims.

c.      Claims against the state for "Kidnapping" Davis-Bey

Davis-Bey first attempts to argue that the State "made [her] a corporate personality," and

in doing so, "kidnapped" her without probable cause and took her to the St. Louis City Justice

Center, where she has remained since January 18, 2023.   She sues the "State of Missouri

Corporation Employees" and the "Vital Statistics Office" for making her a corporation, which

she believes caused her arrest.

In the probable-cause statement filed in conjunction with the criminal complaint in *State

v. Davis*, No. 2322-CR00082-01 (22d Jud. Cir., St. Louis City), the facts state that an officer

asked Davis-Bey, who was sitting inside her van outside the Social Security Administration

Building, to move her van.   At that time, she threatened to shoot the officer if he tapped on her

window.   When another officer asked her to exit her van, she refused to comply and threatened

to shoot the second officer.   To remove Davis-Bey, the officer broke the van's side window.

In response the Davis-Bey fired one shot from inside the van using a .38 revolver.   The officer

then arrested Davis-Bey and took her to the police department for processing, where she stayed

until transported to the Justice Center on January 18, 2023.   The State charged Davis-Bey with

one count of felony discharge/shooting a firearm from a motor vehicle and one count of felony

armed criminal action.

The Court finds no mention of Davis-Bey as a "corporation" in the charging documents.

Thus, Davis-Bey's claims against the "State of Missouri Corporation Employees" and the "Vital

Statistics Office" for making her a corporation, which she believes caused her arrest, are

frivolous and subject to dismissal.   This claim is wholly irrational and fanciful, and not entitled

to deference.   *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (allowing courts to dismiss

8

clearly baseless claims, including "fanciful," "fantastic," or "delusional" claims and those that "rise to the level of the irrational or the wholly incredible" (citation omitted)).

Moreover, Davis-Bey cannot state a claim in this action against the State for money damages because the State is not a Section 1983 "person."   "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Off. of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against 'person[s]' only").   However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "[s]tate is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").   Because Davis-Bey is missing an essential element of a Section 1983 action, the Court must dismiss her claim for money damages against the State of Missouri.

Second, sovereign immunity also protects the State from Davis-Bey's claims for money damages.   "Sovereign immunity is the privilege of the sovereign not to be sued without its consent."  *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011).   The Eleventh Amendment confers sovereign immunity on a non-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state.  *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court . . . ." (citations omitted)); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir.

9

1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (quotation omitted)).   Sovereign immunity also bars a claim for money damages against a state official sued in an official capacity.   *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." (citation omitted)).

Two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment exist.   *Barnes v. Missouri*, 960 F.2d 63, 64 (8th Cir. 1992).   "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language."   *Id*. (quotation omitted)   The second exception is when a state waives its immunity to suit in federal court.   *Id*. at 65.   Courts find that a state waived its immunity only when" it states such waiver using "the most express language or" when "overwhelming implications from the text . . . leave no room for any other reasonable construction."   *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception applies to this case.

The Court finds the first exception inapplicable because Section 1983—under which this case arises—does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").   The second exception does not apply because the State of Missouri has not waived its immunity in

10

this type of case.   *See* Mo. Rev. Stat. § 537.600(1) (explaining that sovereign immunity is "in full force and effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment" and "[i]njuries caused by the condition of a public entity's property").   For this reason as well, the Court must dismiss Davis-Bey's claim for money damages against the State.

To the extent that Davis-Bey seeks prospective injunctive relief, she has not demonstrated the State's liability.   Such liability may attach to a governmental entity if a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.   *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").   Thus, three ways exist for Davis-Bey to prove the State's liability.

A plaintiff can show the existence of an unconstitutional policy.   "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the [governmental] official who has final authority regarding such matters."   *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016) (quotation omitted).   For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise.   *Szabla v. City of Brooklyn*, 486 F.3d 385, 389 (8th Cir. 2007).   However, when "a policy is constitutional on its face, but it is asserted that a [governmental entity] should have done more to prevent constitutional violations," a plaintiff must prove more:   the plaintiff must

11

"establish the existence of a 'policy' by demonstrating that the inadequacies were a produce of deliberate or conscious choice by policymakers."   *Id.* at 390 (citation omitted).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom.   *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists.   *Doe ex rel. Doe v. Sch. Dist. of the City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).   In this case, Davis-Bey has not presented any facts supporting the proposition that any of the State's policies or customs, or its failure to train, harmed her.   Thus, the Court finds that Davis-Bey has not demonstrated the State's liability and dismisses her claims against it accordingly.

**d.     False-arrest and false-imprisonment claims against Brewer**

Davis-Bey also indicates that she believes Brewer is responsible for her arrest and detainment.   *See also Davis-Bey v. Brewer*, No. 4:23-cv-00507-HEA (E.D. Mo.).   The Court is somewhat skeptical that Davis-Bey has stated enough in her amended complaint to state a claim for false arrest and false imprisonment against Brewer.   In this lawsuit, as to Brewer, Davis-Bey merely complains that she was falsely arrested on or about January 13, 2023, and then falsely imprisoned on a detainer, because Brewer failed to give a statement to the state-court judge in her criminal case.   Moreover, Davis-Bey's claims in this lawsuit differ from her claims in her civil action against Brewer*, Davis-Bey v. Brewer*, No. 4:23-cv-00507-HEA (E.D. Mo.), in which she asserts that Brewer was at the scene in front of the Social Security Administration Building when she was arrested and made a false statement there that she would "shoot up the social security administration building [sic]" causing her arrest.   Nonetheless, in an abundance of

12

caution, the Court will stay this action, pursuant to the principles in *Wallace v. Kato*, 549 U.S. 384 (2007), against Brewer.

In *Wallace,* the court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Id.* at 397.   The court instructed that where "a plaintiff files a false arrest claim before [she] has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–94.   Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, Davis-Bey asserts claims for false arrest and false imprisonment against Brewer.   The principles in *Wallace* dictate that the Court should stay further consideration of Davis-Bey's Section 1983 claims against Brewer until the underlying criminal matter currently pending against Davis-Bey has been resolved through criminal appeals and post-conviction processes.   Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a Section 1983 suit where the judgment would necessarily imply the invalidity of her conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus.   *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

13

## III.     Conclusion

Accordingly, the Court directs the Clerk of Court to add Cole Brewer to the docket as a

defendant in this action.     The Court grants Davis-Bey's motion to proceed in forma pauperis,

doc. 5, and orders Davis-Bey to pay an initial filing fee of $1.00 no later than March 5, 2024.

Davis-Bey must make her remittance payable to "Clerk, United States District Court," and

include upon it:    (1) her name; (2) her prison registration number; (3) the case number; and

(4) that the remittance is for an original proceeding.

Pursuant to Rule 21, the Court dismisses as improperly joined Davis-Bey's claims in her

amended complaint relating to:    (1) deliberate indifference to her serious medical needs;

(2) placement on 96-Hour Psychiatric Hold; (3) unlawful conditions of confinement at the St.

Louis Justice Center; (4) violation of her due process rights/loss of property; and (5) Missouri

state law tort claims of slander, defamation and intentional infliction of emotional distress.    The

Court also dismisses Davis-Bey's claims against the "State of Missouri Corporation Employees,"

the "Vital Statistics Office," and the State pursuant to Section 1915(e)(2)(B) as frivolous and for

failure to state a claim.    Accordingly, the Court directs the Clerk of Court to dismiss these

defendants from this action.

The Court stays all remaining proceedings for false arrest, false imprisonment, and

unlawful prosecution against Brewer in this case pending final disposition of the criminal

proceedings against Davis-Bey in *State v. Jada Davis*, No. 2322-CR00082-01 (22d Cir. Ct. filed

Jan. 17, 2023).    The Court orders Davis-Bey to notify the Court in writing concerning the final

disposition of the criminal charges pending against her in *State v. Jada Davis*, No. 2322-

CR00082-01 (22d Cir. Ct. filed Jan. 17, 2023).    The Court administratively closes the

14

remaining proceedings in this case pending final disposition of the criminal proceedings pending against Davis-Bey in *State v. Jada Davis*, No. 2322-CR00082-01 (22d Cir. Ct. filed Jan. 17, 2023).    An order of partial dismissal shall accompany this Memorandum and Order.

Dated this 6th day of February 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE